# TEAR et al. *v.* WILLIAMS et al.

Where acts of sale under which a title to land is set up have never been recorded in the parish in which the land is situated, and no act of possession is proved to have been exercised by the purchasers, the acts of sale can have no effect, as to third persons, as transferring either title or possession.

<div style="margin-right">TEAR<br>v.<br>WILLIAMS.</div>

Titles to land held under claims reported for confirmation by commissioners of the United States, whose report has been approved by act of Congress, emanating from the sovereign authority, need not be recorded.

Prescription will run in favor of a purchaser of land who has exercised no act of possession, only from the date of the recording of his title in the parish in which the land is situated.

Where an appeal taken by the purchasers of a tract of land, and their warrantors, from a judgment by which the former are evicted, does not stay execution, the judgment in favor of the former against the latter should bear interest from its date.

Fees of counsel, as a part of the expenses necessarily incidental to the defence of a suit by which a purchaser is evicted, may be recovered against his warrantors. C. C. 2482.

APPEAL from the District Court of Rapides, *Boyce*, J. *Elgee*, for the plaintiffs. *Dunbar* and *Hyams*, for the defendants and appellants. *Edelen*, for the warrantors, also appellants. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiffs claim one-third of a tract of land situated in the parish of Rapides, on the Red river, below the town of Alexandria, as the heirs of the late *James Tear*, of a part of which the defendants are in possession. The plaintiffs title is founded on a *requéte* and order of survey, dated on the 23d of June, 1802, which was reported for confirmation on the 30th December, 1815, in the names of *John, James*, and *Ignatius Tear*, by the board of commissioners of claims for land for the western district of Louisiana. The report was approved by an act of Congress, on the 5th of February, 1825. See United States Statutes at Large, vol. 4, p. 81. There is nothing which shows that the title thus created in *James Tear*, ever has been divested by any act on his part, or of his heirs or representatives. The defendants rely on the prescription, which they allege has accrued in their favor adversly to the plaintiffs, by reason of the succession of their ancestor having been unaccepted and vacant since his decease, which took place in 1813 or 1814. There was judgment for the plaintiffs, and the defendants and the immediate warrantors, have appealed.

The defendants hold under a sale from *Gerard*, and *François Chrétien*, passed before the judge of the parish of Rapides, and recorded in his office on the 24th December, 1835. The act recites the land sold to be the upper part of the tract granted by the spanish government to *John, James*, and *Ignatius Tear*, as located and laid down by a corrected plat of survey filed in the land office.

The acts by which the *Chrétiens* acquired title conveyed no interest whatever of *James Tear*, or his heirs, in the land; and as they were not recorded in this parish, and no act of possession is proved to have been exercised by the purchasers, the acts can have no effect in relation to third persons, as transferring either title or possession. *Tulane* v. *Levinson, ante* p. 787. *Carraby* v. *Desmarre*, 7 Mart. N. S. 662.

The defendants have no title to the one-third part of the land, which was vested in *James Tear* in his lifetime, and, by the confirmation of the title, in his children. Their title they were not obliged to record, as it emanated from the sovereign authority; but that of the defendants can only date from its record on the 25th of December, 1834, from which period alone their possession can be considered as commencing. This suit was instituted in 1837, and the defendants have no title by prescription as pleaded by them.

The judgment against the defendants is, therefore, correct. There was judgment against the *Chrétiens* called in warranty, for the proportion of the price of the land from which they were evicted by the judgment, $2,720, bear-

TEAR
v.
WILLIAMS.

ing·interest·from the date of the judgment, and for $300 for expenses ·in counsel fees. As the appeal did not stay execution, the interest was properly allowed from the judgment. The allowance for the expenses necessarily incidental to ,the.suit, is, we·think, justified by article 2482 of the Civil Code.

.Judgment affirmed.